FILED
U.S DISTRICT COURT

IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

| | |
|---|---|
| THE ESTATE OF RICHARD RICCI, and ANGELA RICCI, an individual, <br><br> Plaintiffs, | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' RULE 56(f) MOTIONS FOR DISCOVERY AND FOR ENLARGEMENT OF TIME TO FILE RESPONSE AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| CORY MACK LYMAN, an individual <br><br> Defendant. | Case No. 2:05-CV-00354 TS |

Section 1983 requires personal participation in an alleged constitutional violation before a defendant can be held liable. Defendant has moved for Summary Judgment claiming the Plaintiffs cannot show that he personally participated in the alleged wrongs. Plaintiffs have responded, and in the alternative moved, under Rule 56(f), for further discovery and for further time to respond. For the reasons set forth below, the Court denies Plaintiffs' Motions for Discovery and for Enlargement of Time to File Response. The Court also finds that Plaintiffs do

1

not allege that Defendant personally participated in the wrongs alleged and will therefore grant Defendant's Motion for Summary Judgment.

## I. BACKGROUND

The Defendant, Cory Mack Lyman, was employed as a Category I Peace Officer for Salt Lake City at all times relevant to this matter. Defendant was a Lieutenant and later a Captain in the Salt Lake City Police Department. He was involved in the investigation of the kidnapping of a minor child, assuming a role as commander of the investigation at some point prior to the conduct complained.

During the investigation of the kidnapping of the minor, in June of 2002, Richard Ricci was arrested by state parole officers due to a parole violation and was placed in jail. Mr. Ricci became a suspect in the kidnapping of the minor and was later incarcerated in the Utah State Prison. Due to Mr. Ricci's notoriety arising from association with the high-profile kidnapping case, he was moved to maximum security. He remained incarcerated until his death on August 30, 2002.

This is the second case brought by Plaintiffs arising from Mr. Ricci's death. In the prior action[1] ("Ricci I"), Plaintiffs brought claims against the Salt Lake City Chief of Police, three other police officers, and Salt Lake City Corporation.[2] Those claims were similar to the claims brought in the present action. Defendant was not named as a defendant in Ricci I. That case was

---

[1]Civil No. 2:03-CV-00749 TS.

[2]Amended Complaint (Docket No. 5 in Civil No. 2:03-CV-00749 TS).

dismissed on summary judgment for lack of evidence of any City involvement in the alleged

wrongdoings, and because defamation is not a constitutional violation.[3]

In this action, Plaintiffs bring Section 1983 civil rights claims alleging that Mr. Ricci's

civil rights were violated by Defendant through his conduct as part of investigating the

kidnapping. Specifically, Plaintiffs allege Defendant's actions caused Mr. Ricci to be (1)

unlawfully detained and falsely arrested; (2) defamed by libel/slander; (3) deprived his freedom

of locomotion; and (4) falsely imprisoned and to suffer cruel and unusual punishment.

## II. MOTIONS BEFORE THE COURT

Defendant moves for summary judgment, asserting that Plaintiffs have not offered any

facts to support finding that he was responsible for the alleged wrongs. Plaintiffs responded with

a Motion to Refuse Judgment, a Rule 56(f) Motion for Leave to Conduct Additional Discovery,

and a Rule 56(f) Motion for Enlargement of Time to Respond.[4] The Court construes the Motion

to Refuse Judgment as an opposition to summary judgment and thus rules on Plaintiffs' Rule

56(f) motions and Defendant's Motion for Summary Judgment.

### A. Causation Requirement for Claims Under 42 U.S.C. § 1983

The issues raised by Defendant's Motion for Summary Judgment concern causation. As

noted, Plaintiffs' claims are brought under Section 1983, which provides, in part, "Every person

---

[3]Order (Docket No. 92 in Civil No. 2:03-CV-00749 TS) (ruling on Motion for Summary Judgment and other motions).

[4]Plaintiffs' opposition is entitled *Memorandum Opposing Defendant's Motion for Summary Judgment and Supporting Plaintiffs' Motion To Refuse Judgment, In the Alternative, Motion for Enlargement of Time to Respond to Defendant's Motion for Summary Judgment and Leave to Conduct Discovery* (Docket No. 9)

who . . . *subjects, or causes to be subjected*, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . shall be liable to the party injured. . . ."[5] The Tenth Circuit has interpreted this to mean that "a defendant may not be held liable under section 1983 unless he or she subjected a citizen to the deprivation, or caused a citizen to be subjected to the deprivation."[6] Personal participation is an essential allegation in a Section 1983 claim.[7] The Tenth Circuit has further held that "supervisor status by itself is insufficient to support liability."[8]

The analysis of the motions before the Court, and whether summary judgment is proper, turns on whether the facts sought, or disputed, could lead a reasonable jury to find that the Defendant personally participated in causing the alleged constitutional violations.

### B. Plaintiffs' Rule 56(f) Motion to Permit Discovery

As part of their response to Defendant's Motion for Summary Judgment, Plaintiffs request further discovery under Rule 56(f). Plaintiffs claim that affidavits in their favor are not available, and they seek to depose witnesses and inspect records. Defendant responds that the information Plaintiffs seek is entirely irrelevant to the issue of actual causation presented on summary judgment, and thus, there is no need for discovery. Further, Defendant asserts that the

---

[5]42 U.S.C. § 1983 (emphasis added).

[6]*Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 518 (10th Cir. 1998) (citing 1A Martin A. Schwartz & John E. Kirklin, Section 1983 Litigation: Claims and Defenses § 6.3 (3d ed.1997)).

[7]*Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).

[8]*Id.* (citing *Rizzo v. Goode*, 423 U.S. 362, 376-77 (1976)).

4

Motion for Summary Judgment is based almost entirely upon legal grounds and, therefore, discovery is not necessary.

To invoke Rule 56(f) protection, the moving party must state with specificity the facts they believe would be discovered[9] and how those facts would be useful in opposing summary judgment.[10] As more fully set forth in the discussion of summary judgment below, Plaintiffs seek to discover information that would support finding only that mistakes were made in the investigation of the kidnapping of the minor, not that Defendant personally participated in the alleged wrongs. Defendant has conceded, for purposes of summary judgment, that mistakes were made in the investigation, but asserts that these mistakes do not support finding that Defendant personally participated in the wrongs alleged. The Court agrees with Defendant and, therefore, Plaintiffs' Motion for Leave to Conduct Discovery is denied.

### C. Plaintiffs' Rule 56(f) Motion to Allow Additional Time to Respond

Plaintiffs also request under Rule 56(f) an enlargement of time to respond to the Defendant's Motion for Summary Judgment. Plaintiffs again allege only that affidavits in their favor are unavailable. Defendant maintains that the information sought is irrelevant to the issue presented on summary judgment.

In setting forth the standard for relief under Rule 56(f), the Tenth Circuit has stated:

---

[9]*See Price* ex rel. *Price v. Western Resources, Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (stating movant must identify probable facts not available).

[10]*See Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir. 1993) (stating that information sought must be relevant to summary judgment motion).

> To invoke Rule 56(f) protection, the party filing the affidavit must state with
> specificity how the desired time would enable [the nonmoving party] to meet its
> burden in opposing summary judgment. Rule 56(f) may not be invoked by the
> mere assertion that discovery is incomplete or that specific facts necessary to
> oppose summary judgment are unavailable. . . . Moreover, merely asserting that
> the evidence supporting a party's allegation is in the hands of the [opposing party]
> is insufficient to justify a denial of a motion for summary judgment under Rule
> 56(f).[11]

The Court finds that Plaintiffs have not adequately explained how additional time would

enable them to meet their burden of proof in opposing summary judgment. Plaintiffs have

merely alleged that affidavits and depositions of parties and witnesses have not been obtained.

These allegations are insufficient to invoke Rule 56(f) protection. Further, although Plaintiffs

have stated with specificity the facts they seek to obtain, they have not shown how those facts

will support their claims. The information sought is relevant only to whether there were mistakes

made in the investigation and not relevant to whether Defendant personally participated in the

alleged wrongs. Finally, the Court notes that Plaintiffs have had adequate time to conduct

limited discovery, particularly in light of the time already spent in discovery and trial preparation

for the prior action (Ricci I). For all these reasons, Plaintiffs' Motion for Enlargement of Time to

Respond is denied.

### D. Defendant's Motion for Summary Judgment

Finding that the briefs filed by Plaintiffs in opposition to Defendant's Motion for

Summary Judgment and in support of their own motions are a sufficient response, the Court

believes there is sufficient basis to now rule on Defendant's Motion for Summary Judgment.

---

[11]*Id.* at 1554 (citations and internal quotation marks omitted).

Defendant argues that summary judgment is proper where he was not responsible for the wrongs complained of. Defendant contends that there is no evidence to show that he arrested Mr. Ricci, was responsible for how Mr. Ricci was treated in prison, or that he caused any other alleged wrongs. Defendant concedes, for purposes of summary judgment, that mistakes were made in the investigation, but asserts that Plaintiffs have not raised any issues of material fact that would support finding actual causation. Further, although Defendant denies the defamation claim, he argues that defamation is not a constitutional violation and thus cannot be the basis for a Section 1983 claim.

Plaintiffs argue that there are questions of fact raised as to whether Defendant's actions proximately caused the wrongs alleged. Plaintiffs raises several theories to show proximate causation. Plaintiffs claim that questions of fact arise as to whether Defendant influenced the decision to arrest and incarcerate Mr. Ricci, and whether it was foreseeable that the notoriety caused by Mr. Ricci's association with a high profile kidnapping led to disparate treatment in prison.

A motion for summary judgment should be granted only when it is clear that there are no genuine issues of material fact, such that "a reasonable jury could return a verdict for the nonmoving party."[12] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[13] "Permissible inferences must still be within the

---

[12]*Universal Money Ctrs., Inc. v. AT&T Co.*, 22 F.3d 1527, 1529 (10th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); *see* Fed. R. Civ. P. 56(c).

[13]*See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

range of reasonable probability. . . [I]t is the duty of the court to withdraw the case from the jury when the necessary inference is so tenuous that it rests merely upon speculation and conjecture."[14]

Plaintiffs do not allege specific facts that support finding Defendant directly caused the wrongs alleged. Rather, as noted, Plaintiffs rely on theories of proximate causation based on conjecture and speculative inferences from the facts. The Court finds no support in case law for Plaintiffs' position that proximate causation can establish the causation element of a Section 1983 claim. Instead, actual causation by "personal participation" must be established.[15]

Plaintiffs have not shown evidence that Defendant personally participated in the claimed wrongs. Defendant did not arrest Mr. Ricci, or provide any input on the conditions of his incarceration. Further, there is no evidence that Defendant was responsible for public disclosure of Mr. Ricci's name in connection with the kidnapping. Even if there were such evidence, the Supreme Court has stated that "injury to reputation by itself [is] not a 'liberty' interest protected under the Fourteenth Amendment"[16] and, thus, there cannot be a Section 1983 claim for defamation.

Where the law requires actual causation through personal participation, and not proximate causation based on speculative inferences, Plaintiffs have not established the causation element, there is no issue of material fact, and summary judgment on all four Counts is proper.

---

[14]*Dillon v. Fibreboard Corp.*, 919 F.2d 1488, 1490 (10th Cir. 1990).

[15]*Mitchell*, 80 F.3d at 1441.

[16]*Siegert v. Gilley*, 500 U.S. 226, 233 (1991); *see Paul v. Davis*, 424 U.S. 693, 701-02, 708-09 (1976); *Kenman Eng'g v. City of Union*, 314 F.3d 468, 481 (10th Cir. 2002).

8

III.  CONCLUSION

Based upon the above, it is therefore

ORDERED the Plaintiffs' Rule 56(f) Motion to Permit Discovery (Docket No. 9) is

DENIED.  It is further

ORDERED the Plaintiffs' Rule 56(f) Motion for Extension of Time to File Response

(Docket No. 9) is DENIED.  It is further

ORDERED the Defendant's Motion for Summary Judgment (Docket No. 6) is

GRANTED.

The Clerk of the Court shall enter judgment in favor of Defendant on all claims and close

this case.

DATED this 7th day of March 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge

9