IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THE ESTATE OF RICHARD RICCI, and ANGELA RICCI, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>CORY MACK LYMAN, an individual,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER ON PLAINTIFFS' MOTION TO ALTER JUDGMENT<br><br><br><br>Case No. 2:05-CV-354 TS |

On March 20, 2006, Plaintiffs filed a Motion to Alter Judgment[1] relating to a March 8, 2006 Memorandum Decision and Order Denying Plaintiffs' Rule 56(f) Motions for Discovery and for Enlargement of Time to File Response and Granting Defendant's Motion for Summary Judgment ("March 8 Decision").[2]  Plaintiffs cite Fed. R. Civ. P. 59(e) and 60(b), and argue that the Court misapprehended facts and incorrectly applied the law in reaching its decision. Specifically, Plaintiffs point to the Court's reference in the March 8 Decision to a previous but

---

[1]Docket No. 20.

[2]Docket No. 18.  Judgment was rendered in this case on March 9, 2006.  Docket No. 19.

1

related case by Plaintiffs, and argue that the Court incorrectly noted that Plaintiffs' previous case was dismissed for lack of evidence, and that the Court also incorrectly assumed that Plaintiff had more opportunity for discovery in the previous case than Plaintiff actually had. Plaintiffs also appear to argue that there is new evidence in this case.

"[A] motion questioning the correctness of a judgment and timely made within ten days thereof will be treated under Rule 59(e)."[3] The Court makes the initial finding that Plaintiffs' motion was timely made within ten days of judgment. A Rule 59(e) motion to alter or amend judgment is essentially a motion for reconsideration.[4] "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[5] "Thus, a Motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. . . . It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[6]

The Court is not convinced that there are sufficient grounds warranting reconsideration of the March 8 Decision. First, despite Plaintiffs' contentions, the Court notes no misapprehension of the facts in Plaintiffs' case. The Court's characterization of the disposition of Plaintiffs'

---

[3]*Dalton v. First Interstate Bank*, 863 F.2d 702, 703 (10th Cir.1988). Plaintiffs' reference to Fed. R. Civ. Pro. 60(b) is therefore inapposite.

[4]*Grider v. Positive Safety Mfg. Co.*, 162 F.R.D. 361, 361-62 (D.Kan.1995) (citing *Henry v. Office of Thrift Supervision*, No. 92-4272, 1993 WL 545195,*1 (D.Kan.1993), *aff'd*, 43 F.3d 507 (10th Cir.1994).

[5]*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[6]*Id*.

previous case was correct.  Moreover, reference to the prior disposition of the case was made for background purposes and,  as is evident by the reasoning in the March 8 Decision, did not form the basis for the decision in this case.  Also, despite Plaintiffs' contentions, the Court did not misunderstand the extent to which Plaintiffs engaged in discovery in the previous case.  Even if the court had so misunderstood, this error would not have changed the outcome of this case.

Plaintiffs also appear to re-argue issues already addressed in the March 8 Decision and the Court notes no misunderstanding or misapplication of law.  Further, the alleged new evidence Plaintiffs present was available to Plaintiffs previous to this Court's decision and is wholly irrelevant to the issues which this Court addressed in granting summary judgment.  Reconsideration is not needed to correct any clear error or to prevent manifest injustice in this case.

It is therefore

ORDERED that Plaintiffs' Motion to Alter Judgment (Docket No. 20) is DENIED.

DATED   August 24, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge